IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM EASTHAM, et al.,

    Plaintiffs,

v.

CHESAPEAKE APPALACHIA, LLC,

    Defendant.

Case No. 2:12-cv-0615
JUDGE GREGORY L. FROST
Magistrate Judge Terence Kemp

## OPINION AND ORDER

On July 23, 2013, the Magistrate Judge issued an Opinion and Order denying Plaintiffs' renewed motion for leave to file an amended complaint in this action. (ECF No. 42.) This matter is now before the Court on Plaintiffs' objections to the Magistrate Judge's Opinion and Order (ECF No. 43), Defendant's response to Plaintiffs' objections (ECF No. 46), and Plaintiffs' reply in support of their objections (ECF No. 49).

For the reasons set forth in more detail in this Opinion and Order, the Court **OVERRULES** Plaintiffs' objections and **DENIES RECONSIDERATION** of the Magistrate Judge's Order.

**I.**

This case arises from a dispute over an oil and gas lease associated with property owned by Plaintiffs William and Frostie Eastham. Plaintiffs entered into an Oil, Gas, and Coalbed Methane Gas Lease (the "Lease") with Great Lakes Energy Partners, LLC ("Great Lakes") in April 2007. Great Lakes later assigned the lease to Defendant Chesapeake Appalachia, LLC ("Chesapeake"). The initial term of the lease was five years.

Plaintiffs filed a class action Complaint on July 11, 2012, seeking declaratory judgment "to obtain a judicial determination of the construction and/or validity of certain oil and gas leases, and pursuant to Ohio Revised Code § 5303.01 to quiet title to the oil and gas rights associated with their real estate." (ECF No. 3 at ¶ 3.) The dispute in this case centers on Chesapeake's exercise of an option to extend the lease beyond the initial expiration date, a right that Chesapeake contends is granted by Paragraph 19 of the lease. Plaintiffs seek a declaration that the lease is no longer in effect. In summary judgment briefing before the Court, Plaintiffs take the position that Paragraph 19 required Chesapeake to negotiate any extension or renewal of the lease at the conclusion of the primary term. (ECF No. 35 at PageID# 276-84.)

On October 22, 2012, the Court entered a case management order, which set November 30, 2012 as the deadline for any motion to amend the pleadings or to join parties. (ECF No. 12.) Nearly five months after that deadline passed, Plaintiffs filed a motion for leave to file an amended complaint, which the Court denied without prejudice for Plaintiffs' failure to comply with S.D. Civ. R. 7.3. (ECF Nos. 30, 31, 32.) Plaintiffs refiled their motion for leave to amend on April 25, 2013, the same day as Defendant filed its motion for summary judgment and five days before Plaintiffs filed their own motion for summary judgment on the original complaint. (ECF Nos. 33, 34, 35.)

In the renewed motion to amend their complaint, Plaintiffs ask for leave to (1) remove all class action allegations, (2) add Range Resources—Appalachia, LLC (formerly Great Lakes) and Henry A. McGraw as Defendants, (3) add five new substantive counts (slander of title, breach of covenant of good faith and fair dealing, intentional/fraudulent misrepresentation, negligent misrepresentation, and respondeat superior); and (4) add a prayer for monetary damages, including punitive damages. (ECF No. 34-1.)

The Magistrate Judge denied in part and withheld judgment in part with respect to Plaintiffs' motion.  The Magistrate Judge withheld judgment as to Plaintiffs' request to withdraw their class action allegations and ordered the parties to submit additional briefing on that issue. (ECF No. 42 at PageID# 513, 519.)  As to the remaining amendments, the Magistrate Judge denied leave to amend.  (*Id.* at PageID# 513-19.)  The Magistrate Judge found a lack of good cause to permit the amendments and also found that Defendants would be unduly prejudiced by the amendments.  (*Id.* at PageID# 519.)  Further, as to the claims of intentional misrepresentation, negligent misrepresentation, and respondeat superior that Plaintiffs proposed to add, the Magistrate Judge found the amendments would be futile for want of factual allegations that would state a valid claim for relief.  (*Id.* at PageID# 518.)  Plaintiffs have objected to the Magistrate Judge's ruling and seek this Court's reconsideration of it.  Plaintiffs' objections have been fully briefed (ECF Nos. 42, 46, 49) and are ripe for ruling by this Court.

## II.

Plaintiffs do not object to the portion of the Magistrate Judge's ruling that deferred judgment on the issue of Plaintiffs' proposed withdrawal of class action allegations.  Plaintiffs object, however, to the Magistrate Judge's decision denying them leave to amend their Complaint to add new Defendants and new counts.

Though not styled as such, Plaintiffs' objections are in the nature of a motion for reconsideration of a non-dispositive ruling by a Magistrate Judge, brought under Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A).  A district court may reverse the Magistrate Judge's decision on a non-dispositive matter the decision is "clearly erroneous or contrary to law." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).  The "clearly erroneous" standard

applies to the Magistrate Judge's factual findings; the Court reviews the Magistrate Judge's legal conclusions under the "contrary to law" standard.  *Id.*

### A.  *Magistrate Judge's Failure to Consider Certain Amendments*

In their first objection, Plaintiffs argue that the Magistrate Judge failed to rule on a "key aspect" of their motion to amend.  Plaintiffs' proposed amended complaint sought to "specifically state the grounds" that supported interpreting Paragraph 19 of the Lease at issue in their favor.  (Proposed Am. Compl. ¶¶ 21(a)-(i), ECF No. 34-1 a PageID# 232-33.)  These "grounds" alleged in the proposed amended complaint reflect the arguments that Plaintiffs have made in support of their motion for summary judgment (ECF No. 35) and in opposition to Defendant's motion for summary judgment (ECF No. 37).  Though the Magistrate Judge denied leave to amend, the Opinion and Order did not explicitly address these amendments.

The Court finds that Plaintiffs were not entitled to amend their Complaint to add their grounds or theories for declaratory relief.  In the Court's view, the amendments sought are unnecessary.  Plaintiffs contend that amendment to add their legal theories for relief is necessary to combat Defendant's contention in the summary judgment briefing that Plaintiffs failed to plead these theories for relief.  Thus, Plaintiffs contend that their amendments to their declaratory judgment claim are "merely technical in nature," are aimed at Defendant's "hyper-technical argument that the Plaintiffs failed to plead their claims sufficiently," and touch upon matters that the parties have already litigated.

The Court finds that Plaintiffs' arguments cut *against* amendment, not in favor of it. Plaintiffs argue their claim for declaratory judgment already encompasses all of the legal theories that they attempt to incorporate in the amended complaint.  And Plaintiffs have a point: under the liberal notice pleading standard, Plaintiffs have alleged a cognizable claim for a declaratory

judgment interpreting Paragraph 19 of the Lease in question.  The proposed amendments to add their specific arguments as to the validity of the Lease merely elaborate on the claim that has already been alleged in the original Complaint.  Accordingly, amendment to add these allegations is not necessary: the merits of Plaintiffs' declaratory judgment claim are already before the Court.

### B. *Denial of Amendment to Add New Claims and New Parties*

The Magistrate Judge's Opinion and Order denied leave for Plaintiffs to add claims for slander of title, breach of the covenant of good faith and fair dealing, intentional/fraudulent misrepresentation, negligent misrepresentation, and respondeat superior.  Some of these claims (namely, the misrepresentation and respondeat superior claims) relate to two new defendants, Range Resources Appalachia LLC and Henry A. McGraw, that Plaintiffs proposed to add to this action.  The Magistrate Judge found that the proposed claims for misrepresentation (and, by extension, the claim for respondeat superior) were futile because they failed to state a valid cliam for relief under Ohio law.  (ECF No. 42 at PageID# 515-18.)

Plaintiffs attack the rationale of the Magistrate Judge, arguing that the Magistrate overstepped his authority by ruling on the merits of the claims.  Plaintiffs are wrong. When assessing a motion for leave to amend a complaint, the relevant factors to consider are "undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] *futility of the amendment*."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  A proposed amendment is futile if the proposed claim could not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Rose v. Hartford Underwriters Ins. Co*., 203 F.3d 417, 420 (6th Cir. 2000); *cf., also, Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999)

(finding a magistrate judge's failure to articulate reasons for denying leave to amend to be harmless error when the amendment would have been futile).

In the instant case, the Magistrate Judge went through a thorough analysis of why Plaintiffs' proposed claims for intentional misrepresentation, negligent misrepresentation, and respondeat superior failed to state a claim upon which relief could be granted under Ohio law. In particular, the Magistrate Judge found that Plaintiffs would be unable to establish the justifiable reliance element of their misrepresentation claims as a matter of law because of the parol evidence rule. (ECF No. 42 at PageID# 516.)

Significantly, Plaintiffs' objection does not challenge the Magistrate Judge's legal analysis of the amendment's futility. Instead, Plaintiffs argue simply that the Magistrate Judge should not have engaged in *any* analysis of the merits. Citing *English v. Gassman*, No. 2:09-cv-871, 2010 U.S. Dist. LEXIS 12741 (S.D. Ohio Jan. 22, 2010), Plaintiffs contend that "[w]here a claim is arguably sufficient, it is generally sound discretion to allow it to be pled and then challenged before the District Court."  (Pls.' Obj. 6, ECF No. 43 at PageID# 526.) But this principle does not help Plaintiffs. The Magistrate Judge found that Plaintiffs' proposed new claims were *not* arguably sufficient. To the contrary, they were futile because they did not state a valid claim for relief. (ECF No. 42 at PageID# The Court finds the Magistrate Judge's analysis to be sound in this respect and Plaintiffs have offered no argument of their own to rebut it. Accordingly, the Court finds no error in the Magistrate Judge's refusal to permit amendment on the grounds of futility.

### C. *Absence of Good Cause*

In addition to finding that the proposed amendments to add the misrepresentation and respondeat superior claims were futile, the Magistrate Judge found that there was an absence of

good cause to allow amendment beyond the deadline for amending pleadings, as set in the Court's scheduling order.  Plaintiffs argue that good cause exists because (1) Range Resources and Henry A. McGraw are necessary parties, (2) Chesapeake disclosed the Declaration of Mark Acree "only after discovery had already closed" and the claims against Range Resources and McGraw were only apparent after Plaintiffs saw it, (3) Plaintiffs' decision to withdraw the class action allegations should allow them to pursue a damages claim now, and (4) there is no prejudice to Defendant Chesapeake in allowing these amendments.

      The Court finds nothing clearly erroneous or contrary to law about the Magistrate Judge's finding that Plaintiffs lack good cause for amendment.  The finding that the proposed claims against Range Resources and McGraw are futile fatally undercut Plaintiffs' first two arguments.  As for Plaintiffs' decision that this case could not proceed as a class action, the Court fails to see how this establishes good cause for amending the complaint well past the scheduling order deadline and when summary judgment motions are already pending.  Though Plaintiffs say "judicial economy" should allow for an amendment, the Court sees quite the opposite: judicial economy cuts *against* allowing an amendment that would force this case to start anew when summary judgment motions are already pending and a trial date is looming in less than a month.

      Finally, the Court agrees with the Magistrate Judge's determination that the proposed amendments would prejudice Defendant Chesapeake.  Allowing Plaintiffs to amend their Complaint would entail another round of pleadings, discovery, and dispositive motions, and transform this case into one for declaratory judgment into one for declaratory judgment *and* damages.  Changing this case in such a drastic manner at this late date is prejudicial to Defendant Chesapeake and cuts against allowing amendment.

## III.

For the foregoing reasons, the Court finds that the Magistrate Judge's Opinion and Order (ECF No. 42) is neither clearly erroneous nor contrary to law.  Accordingly, the Court **OVERRULES** Plaintiffs' objections (ECF No. 43) and **DENIES RECONSIDERATION** of the Magistrate's Opinion and Order denying leave to amend Plaintiffs' Complaint.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE